UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PAUL SURINE,

    Plaintiff

v.

BRIAN W. EDGCOMB, ET AL.,

    Defendants

NO.: 4:08-CV-1921

(JUDGE CONNOR)
(MAGISTRATE JUDGE PRINCE)

FILED
SCRANTON

APR 2 8 2010

PER _____
        DEPUTY CLERK

## REPORT AND RECOMMENDATION

**I. Background**

Plaintiff, an inmate currently incarcerated at FCI-Glimer in Glenville, West Virginia[1], commenced this action by filing a complaint on October 20, 2008 (Doc. 1) and thereafter filed an amended complaint on May 4, 2009 (Doc. 58). Named as Defendants are Special Agents Dennis O'Dell and Timothy K. O'Malley of the Federal Bureau of Investigation ("FBI"); District Justice Brian Edgcomb; Pennsylvania State Troopers Nicholas Madigan, Michael Clegg, Christopher Wheeler and Scott Henry; Wellsboro Police Chief Tom Young; Nelson Assistant Police Chief Mike Snyder; Tioga County Assistant District Attorney George Wheeler; and unknown Defendants Diaz, Clark, Fitz and Bedell. The amended

---

[1] Plaintiff was formerly incarcerated at the Lycoming County Prison while awaiting trial on his federal narcotics case.

complaint asserts, *inter alia*, illegal search and seizure, conspiracy and wrongful imprisonment by the Defendants relating to Plaintiff's arrest and subsequent conviction for conspiracy to distribute a controlled subtance.[2] On October 8, 2009, Defendant Tom Young filed a Motion for Summary Judgment (Doc. 82) along with a Statement of Material Facts and Supporting Brief (Docs. 83-84). By Orders dated November 4, 2009 and December 4, 2009, Plaintiff was directed to file a response to the pending motion. (Docs. 86, 88). No responsive pleading was filed and, consequently, judgment was entered in favor of Defendant Young on January 14, 2010 (Docs. 83-84).

Plaintiff subsequently filed a Motion for Paperwork and Time on February 2, 2010 (Doc. 91). The Motion asserts, for the first time, that Plaintiff never received a copy of Defendant's Motion for Summary Judgment[3] and that he could not appropriately respond to it in absence of its receipt. Accordingly, by Order

---

[2] Plaintiff was indicted on July 27, 2007 and subsequently entered a guilty plea to on count of conspiracy to distribute a controlled substance, for which he received a 360 month term of imprisonment. *See* 4:07-CR-304. The conviction was affirmed by the United States Court of Appeals for the Third Circuit on April 13, 2010.

[3] A review of the docket sheet indicates that Plaintiff filed a change of address notification on November 5, 2009 (Doc. 87). Curiously, filings before this date have not been returned to the court as undeliverable. Additionally, filings occurring after this date have been correctly addressed to his FCI-Glimer address.

dated April 7, 2010, the Clerk of Court was directed to forward copies of the Motion for Summary Judgment and supporting materials to Plaintiff. (Doc. 95). On April 16, 2010, Plaintiff filed a responsive pleading in support of his Motion and in opposition to Defendant's Motion for Summary Judgment. (Doc. 97). The matter is now ripe for disposition. For the reasons that follow, it will be recommended that Plaintiff's Motion for Paperwork and Time be construed as Motion for Reconsideration of the Order granting Defendant Young's Motion for Summary Judgment, and that Plaintiff's Motion be denied.

## II. Discussion

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment " . . . forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]his standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would

affect the outcome of the case under applicable substantive law. Anderson, 477 U.S. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56(c) of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there

is some metaphysical doubt as to the material facts." <u>Matsushita Electric Industrial Co. v. Zenith Radio</u>, 475 U.S. 574, 586 (1986). When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Celotex</u>, 477 U.S. at 323. *See* <u>Harter v. G.A.F. Corp.</u>, 967 F.2d 846, 851 (3d Cir. 1992).

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *See* 42 U.S.C. § 1983; *see also* <u>Cohen v. City of Philadelphia</u>, 736 F.2d 81, 83 (3d Cir. 1984). Section 1983 creates no substantive rights, but rather allows a plaintiff to vindicate violations of rights created by the U.S. Constitution or federal law. <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n. 3 (1979); <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006).

Moreover, in claims brought under § 1983, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See* <u>Rizzo v. Goode</u>, 423 U.S. 362

5

(1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).

As explained in <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

<u>Rode</u>, 845 F.2d at 1207.

Generally, "no more is required of a plaintiff in § 1983 cases" than to satisfy the standards of notice pleading," <u>Abbott v. Latshaw</u>, 164 F.3d 141, 148 (3d Cir.1998), but to satisfy those notice pleading standards when conspiracy is involved, " 'the plaintiff must make specific factual allegations of combination ... or understanding among all or any of the defendants to plot, plan, or conspire to carry out the alleged chain of events.' " <u>Kist v. Fatula</u>, No. Civ. A. 3:2006-67, 2007 WL 2404721, at *8 (W.D. Pa. Aug.17, 2007) (quoting <u>Hammond v. Creative Financial Planning</u>, 800 F.Supp. 1244, 1250 (E.D. Pa.1999)); *see also* <u>Crane v. Cumberland County</u>, No. 1:CV-99-1798, 2000 WL 34567277, at *10 (M.D. Pa. June 16, 2000) ("When the conduct at issue is a conspiracy, there must be some allegation about its formation and scope.").

In his Motion for Summary Judgment, Defendant Young maintains that the Plaintiff has failed to establish his involvement in the actions giving rise to the amended complaint. Defendant Young asserts that the search warrant, arrest warrant and the affidavit of probable cause were not signed by him or any member of his police department. He states further that he did not participate in execution of the search warrant, the arrest or the prosecution of Plaintiff. Plaintiff asserts, however, that Defendant Young was present at a briefing at the State Police Barracks on February 1, 2007 and consequently, Defendant Young had prior knowledge of the actions of the other Defendants.

An application of the above standards to Plaintiff's complaint clearly shows that he has failed to set forth a cognizable claim against Defendant Young. The amended complaint fails to state with the required particularity that Defendant Young was present at the law enforcement briefing or what role, if any, he played therein. In his Statement of Material Facts, Defendant Young states that he was not a part of the events giving rise to the affidavit upon which the search warrant was based, the execution of the search warrant, the arrest of Plaintiff or his subsequent prosecution. The court concludes, additionally, that the allegation focused on Defendant Young's mere presence at the State Police Barracks prior to the execution of the search warrant alone, without more, fails to articulate a

7

cognizable claim of conspiracy and is insufficient to state a claim against him under § 1983.

Moreover, Plaintiff's ability to state a viable constitutional challenge to events giving rise to his arrest, conviction and sentence is limited. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> at 486-87. A plaintiff is precluded from bringing a claim under 42 U.S.C. § 1983 if it would "impug[n] the validity of the plaintiff's underlying conviction" <u>Gilles v. Davis</u>, 427 F.3d 197, 209 (3d Cir.2005) (citing <u>Heck</u>, *supra.*).

In the present matter, Plaintiff had the opportunity to challenge the details of his arrest and the elements of the charges against him in his criminal proceedings. In entering a guilty plea to the charge, as part of the plea colloquy Plaintiff was required to agree to the underlying facts giving rise to his arrest and affirm that the

evidence against him was true and correct. The validity of the conviction, stemming from the search, seizure, arrest and resulting prosecution, has survived constitutional scrutiny and appellate review. In the absence of his conviction and sentence being overturned or vacated, the present action cannot survive.

## III. Recommendation

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion for Paperwork and Time (Doc. 91) be construed as a Motion for Reconsideration and that the Motion be denied.

Date: April 28, 2010　　　　　　　　　　　s/ William T. Prince
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge