# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL SURINE,** | **CIVIL ACTION NO. 4:08-CV-1921** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **STATE POLICE EMERGENCY RESPONSE TEAM**, *et al.*, | |
| **Defendants** | |

## ORDER

AND NOW, this 28th day of June, 2010, upon consideration of the report (Doc. 98) of the magistrate judge, recommending that the pending motion (Doc. 91) for "paperwork and time" be construed as a motion for reconsideration of the order of court (Doc. 89) dated January 14, 2010, wherein the court granted the motion (Doc. 82) for summary judgment filed by defendant Thomas Young, II ("Young"), and further recommending that the motion (Doc. 91) be denied as so construed, and, following an independent review of the record, it appearing that plaintiff Paul Surine ("Surine") complains that he never received Young's motion for summary judgment and thus was unable to oppose said motion, and that Surine requests time to oppose Young's motion, and it further appearing that neither party has objected to the findings of the magistrate judge's report and recommendation, and that there is no clear error on the face of the

record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 98) is ADOPTED.

2. Surine's motion (Doc. 91) for "paperwork and time" is CONSTRUED as a motion for reconsideration and DENIED as so construed.

3. The case is REMANDED to the magistrate judge for further proceedings.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. An, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the remaining findings in the magistrate judge's report and recommendation in accordance with this Third Circuit directive.