## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PAUL SURINE,** | : | **CIVIL ACTION NO. 4:08-CV-1921** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **STATE POLICE EMERGENCY** | : | |
| **RESPONSE TEAM; NICHOLAS** | : | |
| **MADIGAN; MICHAEL CLEGG;** | : | |
| **CHRISTOPHER WHEELER;** | : | |
| **SCOTT HENRY; MIKE SNYDER;** | : | |
| **UNKNOWN CLARK; UNKNOWN** | : | |
| **FRIZT; UNKNOWN BEDELL;** | : | |
| **UNKNOWN DIAZ** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM</u>

This is a civil rights action filed by *pro se* plaintiff Paul Surine ("Surine").

Presently before the court is the motion (Doc. 109) for summary judgment filed by

defendants Nicholas Madigan, Michael Clegg, Christopher Wheeler, Scott Henry,

and Bedell (the "PSP troopers") pursuant to Rule 56 of the Federal Rules of Civil

Procedure.  The court will also address *sua sponte* whether the other remaining

defendants—the State Police Emergency Response Team, Mike Snyder, Clark,

Fritz, and Diaz (the "other remaining defendants")—are entitled to summary

judgment on Surine's claims.[1]  For the reasons that follow, the court will grant the

PSP Troopers' motion for summary judgment in its entirety and grant summary

judgment for the other remaining defendants on all federal claims.[2]

---

[1]  A court may grant summary judgment *sua sponte* if it provides the party against whom judgment will be entered notice and an opportunity to come forward with all of its evidence.  See Gibson v. Mayor and Council of City of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). On October 28, 2011, the court provided Surine with notice that it would address *sua sponte* whether the other remaining defendants are entitled to summary judgment on all pending claims (see Doc. 114).  The court allotted Surine fourteen days to present any additional evidence relevant to his claims against the other remaining defendants.  (Id.)  On November 16, 2011, the court granted Surine an additional thirty days.  (Doc. 116).  To date, Surine has not responded to the court's order or requested an enlargement of time.
    On December 17, 2011, after the deadline for Surine to file additional evidence with the court, Surine appealed (Doc. 121) the court's order (Doc. 118) dated December 13, 2011, denying Surine's motion (Doc. 117) to compel discovery. The court denied Surine's motion to compel discovery because Surine did not request an enlargement of time to conduct discovery prior to the discovery deadline of April 15, 2011, nor demonstrated good cause for the delay.  (See Doc. 118). Normally, the filing of a notice of appeal "divests the district court of its control over . . . the case."  Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58-59, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam).  However, a district court may continue to exercise authority over a case after the filing of a notice of appeal when the notice of appeal relates to a non-appealable order or judgment.  Mondrow v. Fountain House, 867 F.2d 798, 800 (3d Cir. 1989) ("[A] premature notice of appeal does not divest the district court of jurisdiction.").  In the case *sub judice*, Surine's notice of appeal relates to a non-appealable discovery order.  Therefore, the court retains jurisdiction of the above-captioned matter.

[2]  To the extent Surine's allegations can be construed as state law claims, the court declines to exercise supplemental jurisdiction in light of the dismissal of all federal claims.  See 28 U.S.C. § 1367(c); see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995).

I.    **Factual Background and Procedural History**

A.    **Factual Background**

Nicolas Madigan ("Trooper Madigan") is a Pennsylvania State Police Trooper who has been assigned to the Narcotics Unit of Troop F since 1997. (Doc. 110 ¶¶ 2, 3). While investigating the sale of controlled substances in Tioga County, Pennsylvania, in 2006-2007, Trooper Madigan learned that Surine and Lisa Lehman-Curry ("Lehman") were selling controlled substances at Surine's residence—RD. #1, Box 44, Elkland, Pennsylvania. (Id. ¶ 3). Trooper Madigan obtained this information primarily through confidential informants who purchased cocaine from Surine.[3] (Id. ¶ 4). The informants had provided reliable information in the past, were registered as confidential informants with the Pennsylvania State Police, and in some cases were observed entering the Surine residence and returning with cocaine. (Id. ¶ 5). Trooper Madigan purchased the cocaine from the confidential informants. (Id. ¶ 6).

On January 31, 2007, Trooper Madigan applied for search warrant in the Commonwealth of Pennsylvania. (Id. ¶ 8). A Magisterial District Judge, the Honorable Judge Brian Edgcomb ("Judge Edgcomb"), reviewed the search warrant application and affidavit of probable cause. (See Doc. 110-1, Ex. A). Judge Edgcomb approved the issuance of the warrant to search Surine's residence and any person located therein for specified items. (Doc. 110 ¶¶ 8, 9, 10; Doc. 110-1, Ex.

---

[3] Trooper Madigan also directly bought cocaine from other individuals located at the Surine residence. (Id. ¶ 4).

A).  On February 1, 2007, the Pennsylvania State Police's Special Emergency

Response Team executed the warrant at Surine's residence, secured the property,

and took Surine, Lehman, and Sonny Surine ("Sonny") into custody.  (Doc. 110 ¶

11, 13).  The PSP troopers were not members of the State Emergency Response

Team.  (Id. ¶ 12).  After the State Emergency Response Team secured the area,

numerous state and federal law enforcement officials conducted a search and

seized hundreds of items.  (Id. ¶¶ 14, 15).

On June 26, 2007, a federal grand jury indicted Surine.  (Id. ¶ 17).  The grand

jury issued a superseding indictment on September 27, 2007, charging Surine with,

*inter alia*, conspiracy to distribute controlled substances in violation of 21 U.S.C. §

846.  (Id. ¶ 18).  On May 30, 2008, Surine pled guilty to conspiracy to distribute

controlled substances.  (Id. ¶ 19).  On August 5, 2009, United States District Judge

James F. McClure sentenced Surine to 360 months of imprisonment.  (Id. ¶ 21).

Surine appealed the sentence, and on April 13, 2010, the United States Court of

Appeals for the Third Circuit affirmed the judgment.  (Id. ¶ 22).

### B.   Procedural History

Surine filed his initial complaint (Doc. 1) *pro se*[4] on October 20, 2008, and an

amended complaint (Doc. 58) on May 4, 2009, alleging civil rights violations against

---

[4] On January 29, 2009, the court conditionally granted Surine's motion to
appoint counsel.  (Doc. 49).  However, the court's *pro bono* program was
unsuccessful in its efforts to secure *pro bono* counsel for Surine.  (Doc. 55).

the PSP troopers and the other remaining defendants pursuant to 42 U.S.C. § 1983.[5]

Specifically, Surine seeks relief for:

> an illegal search and seizure conspiracy, breaking and entering
> conspiracy, forced entry conspiracy, aggrivated [sic] assalt [sic],
> excesive [sic] force, theft conspiracy, wrongful imprisonment, purjury
> [sic] and defamation of character when the Defendants raided [his]
> home at RD #1 Box 44 Elkland PA 16920 on February 1st 2007 at 6:45
> AM.

(Doc. 58, at 1).  Additionally, Surine alleges "malicious abuse of due process"

against Trooper Madigan.  (Id. at 2).  The PSP troopers filed the instant motion

(Doc. 109) for summary judgment on June 6, 2011, on all of Surine's claims.[6]  The

motion has been fully briefed and is ripe for disposition.  (See Docs. 111, 112).

## II.   **Standard of Review**

Through summary adjudication the court may dispose of those claims that do

not present a "genuine issue as to any material fact" and for which a jury trial

would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(a).  Once the

moving party demonstrates that there are no genuine issues of material fact, the

burden shifts to the non-moving party to come forth with "affirmative evidence,

---

[5] Surine also asserted claims against Judge Edgcomb, Tom Young, George Wheeler, Agent O'Dell, Agent O'Malley, and Attorney Scott Gardner, which were previously dismissed by the court.  (See Docs. 77, 78, 80, 81, 89).

[6] The PSP troopers' brief in support of their motion for summary judgment did not discuss Surine's aggravated assault and malicious abuse of due process claims.  (See Doc. 110).  However, the PSP troopers moved for summary judgment on all Surine's claims and the court provided Surine with notice that it would consider granting summary judgment on his aggravated assault and malicious abuse of due process claims.  (See Docs. 109, 114).

beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(a). Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

## III.   Discussion

The court will first address whether the favorable termination rule articulated in Heck v. Humphrey, 512 U.S. 477 (1994) bars Surine's claims. Concluding that it does not, the court will then address whether the PSP troopers and other remaining defendants are otherwise entitled to summary judgment on Surine's claims.

### A.    Application of Heck v. Humphrey

The PSP troopers contend that Surine's claims relating to the search of his home, his arrest, and his subsequent prosecution are barred by Heck's favorable termination rule.  (Doc. 111, at 5-8).  In Heck, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A

6

claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted; emphasis in original).  In the Third Circuit, district courts must conduct a fact-based inquiry to determine whether a claim "necessarily implies" the invalidity of the underlying conviction.  Gibson v. Superintendent, N.J. Dep't of Law and Public Safety, 411 F.3d 427, 450 (3d Cir. 2005) overruled on other grounds by Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010).

The court, out of an abundance of caution, will not bar any of Surine's claims under Heck's favorable termination rule.  Surine pled guilty to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846.  21 U.S.C. § 846 (a)(1).  It appears from the record and the nature of the charges that Surine's guilty plea most likely derived primarily from Trooper Madigan's investigation and the subsequent search and seizure of hundreds of items from his residence on February 1, 2007.[7]  However, the parties failed to provide a list of the items seized from Surine's residence and a review of the transcript of Surine's plea colloquy indicates the government may have had other evidence available to prove that Surine conspired to distribute controlled substances.  (Doc. 110-1, Ex. B, at 23).  The court will therefore refrain from applying Heck's favorable termination rule.

---

[7]  That Surine's guilty plea likely derived from the search and seizure of his residence on February 1, 2007 is also evident by the fact that Surine moved to withdraw his guilty plea in part because his counsel did not file a motion to suppress.  See United States v. Surine, 375 F. App'x 164, 167 (3d Cir. 2010).

### B.      Surine's Claims

### 1.      Fourth Amendment Search and Seizure Claims

The court construes seven of Surine' claims as Fourth Amendment illegal

and search and seizure claims: (1) illegal search and seizure conspiracy; (2)

breaking and entering conspiracy; (3) forced entry conspiracy; (4) theft conspiracy;

(5) aggravated assault; (6) excessive force; and (7) wrongful imprisonment.  (Doc. 58,

at 2).  Surine's claims relate to the issuance of the search warrant, the execution of

the search warrant, and his arrest.  The court will address each *seriatim.*

### a.      Issuance of the Search Warrant

The Fourth Amendment to the United States Constitution provides that "no

Warrants shall issue, but upon probable cause, supported by Oath or affirmation,

and particularly describing the place to be searched, and the persons or things to be

seized."  U.S. CONST. amend. IV.  Surine alleges that Trooper Madigan made false

statements on the affidavit of probable cause attached to the search warrant issued

by Judge Edgcomb on January 31, 2007.  (See Doc. 58, at 9).

To establish a Fourth Amendment claim against Trooper Madigan, Surine

must proffer affirmative evidence that Trooper Madigan either knowingly and

intentionally or with reckless disregard for the truth included materially false

statements or omissions in the affidavit of probable cause.  Franks v. Delaware, 438

U.S. 154, 155-56 (1978)).  Surine has proffered no *affirmative evidence* that Trooper

Madigan knowingly and deliberately or with reckless disregard for the truth made

false statements or material omissions in the affidavit of probable cause.  See

8

Woods v. Grant, 381 F. App'x 144, 147 (3d Cir. 2010) (affirming the district court's order granting summary judgment when the plaintiff "failed to set forth any evidence showing that Defendants 'knowingly and deliberately' or 'with a reckless disregard for the truth" falsified a statement in order to procure' a search warrant). Corneal v. Jackson Twp., 313 F. Supp. 2d 457, 464 (M.D. Pa. 2003) ("[T]he non-moving party may not simply sit back and rest on the allegations in its complaint."). Accordingly, Trooper Madigan is entitled to summary judgment on Surine's Franks claim.

### b.  Execution of the Search Warrant

To the extent Surine attempts to assert Fourth Amendment claims against the PSP troopers and remaining defendants for executing an improperly issued warrant, his claim fails as a matter of law.  Trooper Madigan's detailed affidavit—describing numerous confirmed drug buys by reliable confidential informants at Surine's residence, corroborated by independent testing and his own personal observations—establishes probable cause as a matter of law.[8]  See Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997) (observing that a court may

---

[8]  Surine only specifically alleges that the last paragraph of the search warrant contains a false statement.  (See, Doc. 58, at 9; Doc. 112, at 2).  Assuming *arguendo* that his conclusory allegation in the amended complaint and brief in opposition could establish a violation of Franks, Surine would still need to prove that the false statement was material to the original probable cause finding. Sherwood, 113 F.3d at 400.  Surine cannot meet this burden because Trooper Madigan's affidavit describes numerous undisputed controlled buys which easily establish probable cause to search Surine's residence for the items specified in Attachment A.  (Doc. 110-1, Ex. A).

conclude in the appropriate case that probable cause exists as matter law "if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding"); (Doc. 110, Ex. A).   Next, the warrant describes with particularity the items to be searched and seized, and it is tailored to the probable cause established in Trooper Madigan's affidavit.  See Maryland v. Garrison, 480 U.S. 79, 84 (1987); Marron v. United States, 275 U.S. 192, 196 (1927); (Doc. 110-1, Ex. A).  Finally, the Application for the Search Warrant and Authorization with an attached affidavit signed by Trooper Madigan contains Judge Edgcomb's signature verifying that Trooper Madigan was duly sworn (or affirmed) before the issuing authority according to the law.[9]  (Doc. 110-1, Ex. A).  The warrant signed by Judge Edgcomb states, "WHEREAS, facts have been sworn to or affirmed before me by written affidavit(s) attached hereto from which I have found probable cause."  (Id.).  Thus, Judge Edgcomb properly issued the search warrant under the Fourth Amendment of the United States Constitution.

Next, Surine contends that the PSP troopers and remaining defendants improperly executed the search warrant by failing to comply with the knock and announce rule, using excessive force, and not providing him with a copy of the warrant prior to the search.  (See Doc. 58, 112).  Surine has failed to come forth with any affirmative evidence, beyond the allegations of the pleadings, to connect any of

---

[9]  There is no federal constitutional requirement that an affidavit of probable cause be properly signed, dated, or sealed by the judge who issues the search warrant.  U.S. CONST. amend. IV.

the defendants except the State Emergency Response Team to the initial execution

of the warrant and his subsequent arrest.  (Doc. 110-1, ¶¶ 10-12).  Liability in a civil

rights action cannot "be predicated solely on the operation of respondeat superior."

Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  A

plaintiff must demonstrate that the defendant had personal involvement in the

alleged wrongs through either evidence of "personal direction or [] actual

knowledge and acquiescence."  Id.  In the instant case, Surine has not proffered a

scintilla of evidence that any of the defendants had actual knowledge and

acquiesced to the alleged wrongs committed by the State Emergency Response

Team.[10]  (Doc. 110 ¶ 9); Pappas, 331 F. Supp. 2d at 315.  Furthermore, Surine cannot

bring a § 1983 damages action against the State Emergency Response Team

because it is a state entity.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71

(1989) (holding that "neither a State nor its officials acting in their official capacities

are 'persons' under § 1983.").  To the extent Surine requests injunctive relief

against the State Emergency Response Team, his claim is barred by the Eleventh

---

[10]  It appears that Surine has not conducted any discovery during the three
year pendency of his case.  Surine only requested the court's assistance in obtaining
purportedly relevant documents *seven months* after the close discovery.  (Doc. 103;
Doc. 117).  Furthermore, even Surine's allegations in the amended complaint fail to
demonstrate he has personal knowledge regarding the identities of the members of
the State Emergency Response Team.  (See Doc. 58).

Amendment to the United States Constitution.[11]   U.S. CONST. amend. XI.   Benn v. First Judicial District, 426 F.3d 233, 238 (3d Cir. 2005).

### c.      Surine's Arrest

Finally, Surine alleges that he was wrongfully imprisoned because he was arrested without probable cause.  (Id. at 2, 12).  Surine, however, has not linked any of the defendants to his initial arrest during the execution of the search warrant by the State Emergency Response Team.  See Rode, 845 F.2d at 1207; (Doc. 110-1, ¶ 12).  Furthermore, Surine has presented no affirmative evidence that Trooper Madigan "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions . . . that created a falsehood in applying for an arrest warrant" later that day.  Merkle v. Upper Dublin School Dist., 211 F.3d 782, 789 (3d Cir. 2000).  Accordingly, the PSP troopers and other remaining defendants are entitled to summary judgment on Surine's Fourth Amendment claims.

### 2.      Perjury Claim[12]

Surine alleges that PSP troopers and other remaining defendants committed perjury "for statements that were published" which the court construes as a Fourteenth Amendment deprivation of due process claim.  (Doc. 58, at 2); See Ali v.

---

[11]   For identical reasons, the State Emergency Response Team is entitled to summary judgment on all of Surine's remaining claims.

[12]   It is not entirely clear whether Surine brings his perjury claim against the PSP troopers and the other remaining defendants or only Trooper Madigan and a previously dismissed defendant, Scott Gardner.  The court will construe the claim liberally as applying to all of the PSP troopers and the other remaining defendants.

<u>Person</u>, 904 F.Supp. 375, 377 (D.N.J. 1995) (construing allegations of perjury as a

Fourteenth Amendment due process claim).  These allegations appear to refer to

statements published in a local newspaper about Surine shortly after his arrest.

(<u>See</u> <u>id.</u> at 16-17).  These statements cannot constitute perjury because they were not

made under oath.[13]  BLACK'S LAW DICTIONARY (9th ed. 2009) (Defining perjury as

"[t]he act or an instance of a person's deliberately making material false or

misleading statements while under oath").  Accordingly, the court will grant the PSP

troopers and the other remaining defendants summary judgment on this claim.

### 3.   <u>Malicious Prosecution Claim</u>

Next, Surine alleges "malicious abuse of due process" against Trooper

Madigan which the court construes as a malicious prosecution claim under § 1983.[14]

(Doc. 58, at 2).  To establish a § 1983 malicious prosecution claim, a plaintiff must

prove that "(1) the defendants initiated a criminal proceeding; (2) the criminal

proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without

probable cause; (4) the defendants acted maliciously or for a purpose other than

bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty

---

[13]  Assuming *arguendo* Surine's perjury claim refers to statements included
either in the search warrant or arrest warrant, Surine's claim still fails as a matter
of law.  As discussed above, there is no evidence that Trooper Madigan knowingly
and deliberately or with reckless disregard for the truth made material false
statements or omissions to Judge Edgcomb in his applications for the warrants.
<u>Merkle</u>, 211 F.2d at 789.

[14]  Surine also alleges Trooper Madigan "put his police power to malicious
and malice acts [sic] by targeting me as a drug king pin . . . ."  (<u>Id.</u> at 3).  The court
construes this allegation as overlapping with Surine's malicious prosecution claim.

consistent with the concept of seizure as a consequence of a legal proceeding."
McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (citation omitted).
Trooper Madigan is entitled to summary judgment on this claim because Surine's
criminal proceeding ended with Surine's guilty plea to conspiracy to distribute
controlled substances.  (Doc. 110 ¶ 19).

### 4.   **Defamation Claim**

Finally, Surine alleges that the PSP troopers and the other remaining
defendants defamed his character by making false statements about him in a
newspaper article.  The court construes the claim as a Fourteenth Amendment due
process claim for deprivation of a liberty interest in reputation.  (See Doc. 58, at 3,
16-17).  Damage to reputation alone is insufficient to establish a § 1983 due process
claim.  Paul v. Davis, 424 U.S. 693, 711-12 (1976).  Rather, a plaintiff must
demonstrate "a stigma to his reputation plus deprivation of some additional right or
interest" previously recognized under state law.  Dee v. Borough of Dunmore, 549
F.3d 225, 233-34 (3d Cir. 2008);  Sturm v. Clark, 835 F.2d 1009, 1012 (3d Cir. 1987).  In
the instant case, Surine cannot meet the "stigma plus" because he cannot show the
deprivation of any additional right or interest.  Paul, 835 F.2d at 711-12.
Furthermore, Surine has not proffered any evidence specifically identifying any of
the PSP troopers or the other remaining defendants as the source of the alleged
defamatory statements in the newspaper article or that they had actual knowledge
and acquiesced to the alleged wrong.  42 PA. CON. STAT. § 8343 (stating that
defamation under Pennsylvania law requires publication by the defendant); Rode,

845 F.2d at 1207.  Accordingly, the PSP troopers and the other remaining

defendants are entitled to summary judgment on Surine's defamation claim.

IV.    **Conclusion**

For the reasons stated in the above memorandum, the court will grant the

PSP troopers' motion.  The court will also *sua sponte* grant summary judgment for

the other remaining defendants on all federal claims.  To the extent Surine is

asserting state law claims, the court will decline to exercise supplemental

jurisdiction.

An appropriate order follows.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:       January 19, 2012

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL SURINE,** | : | **CIVIL ACTION NO. 4:08-CV-1921** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **STATE POLICE EMERGENCY** | : | |
| **RESPONSE TEAM; NICHOLAS** | : | |
| **MADIGAN; MICHAEL CLEGG;** | : | |
| **CHRISTOPHER WHEELER;** | : | |
| **SCOTT HENRY; MIKE SNYDER;** | : | |
| **UNKNOWN CLARK; UNKNOWN** | : | |
| **FRIZT; UNKNOWN BEDELL;** | : | |
| **UNKNOWN DIAZ** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 19th day of January, 2012, upon consideration of the motion
for summary judgment (Doc. 109) filed by defendants Nicholas Madigan, Michael
Clegg, Christopher Wheeler, Scott Henry, and Bedell (the "PSP troopers"), and
plaintiff Paul Surine's ("Surine") pending claims against the other remaining
defendants—the State Police Emergency Response Team, Mike Snyder, Clark,
Fritz, and Diaz (the "other remaining defendants")—and for the reasons set forth in
the accompanying memorandum, it is hereby ORDERED that:

1.  The motion (Doc. 109) for summary judgment filed by the PSP
    troopers is GRANTED.

2.  The other remaining defendants are GRANTED summary judgment
    *sua sponte* on all of Surine's claims.

3.  To the extent Surine asserts state law claims, the claims are
    DISMISSED without prejudice.

4.      The Clerk of Court is directed to enter JUDGMENT in favor of
        defendants.

5.      The Clerk of Court is directed to CLOSE the case.


                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge